**DEPARTMENT OF CORRECTIONS,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (CLARK),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 2003.
Decided June 2, 2003.

Brian S. Frantum, Media, for petitioner.

John B. Alessandroni, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Department of Corrections (Employer) petitions for review of an order of the Worker's Compensation Appeal Board (Board) which affirmed the order of a Workers' Compensation Judge (WCJ) granting Burley Clark's (Claimant) peti-

tion for penalties, pursuant to a provision of the Pennsylvania Workers' Compensation Act (Act).[1]

Claimant and Employer entered into a compromise and release agreement and on October 26, 2000, the WCJ entered an order approving the agreement. Under the agreement, Employer was to pay Claimant the lump sum of $2,195.22, plus statutory interest and less an attorney fee of twenty percent. (R.R. at 44a).

At the hearing before the WCJ, Claimant testified that following the WCJ's order, he received two checks from Employer. The first check was in the amount of $134.00 and the second was in the amount of $1,756.18. However, Employer then sent Claimant a letter informing him not to cash the latter check. Employer further informed Claimant that it would be deducting the amount of the latter check from his pay. Claimant submitted his payroll stubs to show that Employer began deducting sums from Claimant's paycheck, even though Claimant was told not to cash and did not cash the check for $1,756.18. At this point in the hearing the WCJ stated to Employer, "[y]ou have a good racket there, don't you." (R.R. at 16a).

Claimant testified that when he initially missed time from work due to his workers' compensation injury, Employer deducted his absences from his accumulated sick leave benefit. Claimant explained that had he not used his sick leave benefit for the loss of time due to his workers' compensation injury, at the end of the year he would have been entitled to have the cash value of any remaining sick days. Claimant explained that Employer did not credit him for the sick leave he used or give him the cash value of the sick leave, yet it began deducting the workers' compensation settlement award from his pay.

Claimant also filed a penalty petition as to an unreasonable contest. The discussion between the WCJ and Employer's counsel, Brian S. Frantum, Esquire, on that claim was as follows:

The Judge: Counsel your defense is what?

Mr. Frantum: Our defense is just, Judge, essentially I would like to resolve the matter with

The Judge: You don't really have a defense; right?

Mr. Frantum: Our defense is that, essentially, Mr. Clark is covered under a union contract, collective bargaining agreement, between the employer, as to the receipt of the workers' compensation money. That is kind of what I am trying to get at, whether he was informed of that or it's stated in the letter.

The Judge: Where is that in the C and R agreement that I approved? I can tell you, it's nowhere in there.

Mr. Frantum: Yes.

The Judge: So, he should have received the C and R money; period.

Mr. Frantum: Correct.

The Judge: And he still hasn't gotten that.

Mr. Frantum: He has the check, though.

The Judge: He can't cash it, can he, and he's lost over eight hundred dollars from his pay, hasn't he?

Mr. Frantum: Yes, according to his pay stub; yes. I'd like to say I would try to resolve this.

(R.R. at 28a–29a).

The WCJ found that the compromise and release agreement entered into by the parties did not provide for Employer to be credited for sick leave benefits. The WCJ also determined that Employer failed to

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

comply with the compromise and release agreement and that Claimant was entitled to counsel fees as Employer failed to present a reasonable contest. The WCJ directed Employer to pay Claimant the amount it had agreed to pay under the compromise and release agreement. The WCJ further ordered Employer to pay a fifty percent penalty on the past due benefits owed and awarded counsel fees to Claimant's counsel.

Employer appealed to the Board alleging, among other issues, that the WCJ was without jurisdiction to order repayment and that it had not failed to present a reasonable contest. The Board affirmed the order of the WCJ.

Employer now appeals to this Court alleging that the Board erred in its determination that: (1) the WCJ had jurisdiction to order Employer to make payment pursuant to the compromise and release agreement; and (2) that Employer failed to present a reasonable contest.[2]

■ Employer first alleges that the WCJ was without jurisdiction to decide the issue of the sick leave benefit as the deduction of this benefit was subject to a collective bargaining agreement between Employer and Claimant. In support of this argument Employer cites to case law which concludes that collective bargaining agreements are not subject to the interpretation of the WCJ. *See Wallace v. Workers' Compensation Appeal Board (Pittsburgh Steelers)*, 722 A.2d 1168 (Pa. Cmwlth.1998), *petition for allowance of appeal denied*, 559 Pa. 684, 739 A.2d 547

(1999). However, Employer ignores that under the facts of the instant case, Employer and Claimant sought approval of a compromise and release agreement which was so granted, adopted and incorporated by the WCJ. (R.R. at 40a). Under such a factual scenario, we have determined that an employer cannot later refuse to comply and raise jurisdictional issues. *Department of Public Welfare v. Workers' Compensation Appeal Board (Overton)*, 783 A.2d 358 (Pa.Cmwlth.2001).

In *Overton*, an employer drafted a stipulation to pay the claimant a lump sum settlement. The WCJ approved and adopted the stipulation. The employer then failed to make all the payments. After a penalty petition was filed by the claimant, the employer alleged that as the claimant had received her full salary throughout the period she was absent from work, she was not entitled to the workers' compensation benefits. The employer argued that the claimant's compensation amount was determined by a collective bargaining agreement and therefore was not an issue for the WCJ to decide. We disagreed by first determining that an employer who enters into a stipulation that is approved by the WCJ is collaterally estopped from later alleging jurisdictional claims. We further noted as follows:

> Even if the merits of [the employer's] position were examined, the Court notes that the Act is not devoid of reference to other forms of benefits. Section 449, added by Section 22 of the Act of June 14, 1996, P.L. 350, 77 P.S. § 1000.5, pro-

---

**2.** Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law or whether necessary findings of fact are supported by substantial evidence. *Tri Union Express v. Workers' Compensation Appeal Board (Hickle)*, 703 A.2d 558 (Pa.Cmwlth. 1997). We also acknowledge our Supreme Court's recent decision in *Leon E. Wintermyer,*

*Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Leon E. Wintermyer, Inc.*, 571 Pa. at 203, 812 A.2d at 487.

vides in subsection (c) that every compromise and release by stipulation shall specify, among other things, "(9) a listing of all benefits received or available to the claimant...." Section 450 added by the same section, 77 P.S. § 1000.6, provides in subsection (a) that any employer and the recognized exclusive representative of its employee may agree by collective bargaining to establish certain binding obligations and procedures relating to workers' compensation, including as to "(1) benefits supplemental to those provided in sections 306 and 307 [77 P.S. §§ 511–515. 542, 561 and 562]...."

*Overton,* 783 A.2d at 360, n. 5. In *Overton* we also reaffirmed our holding in *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.),* 651 A.2d 701 (Pa.Cmwlth. 1994), where we concluded that if an employer fails to raise the issue of a credit against workers' compensation liability before the WCJ, the issue is waived. *Overton,* 783 A.2d at 361.

Pursuant our ruling in *Overton,* we believe that the WCJ had jurisdiction to consider the issue before it. We also note that the WCJ did not attempt to interpret any section of the collective bargaining agreement. The WCJ only ordered Employer to pay the settlement it had agreed to pay, under the terms that were agreed upon by the parties. Those terms did not include any caveat that the settlement amount could change should Employer later unilaterally determine that under the collective bargaining agreement it was entitled to reimbursement.

■ Employer next alleges that the Board erred in determining that it failed to present a reasonable contest. Whether an employer's contest of liability is reasonable is a question of law reviewable by this

Court. *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey ),* 161 Pa.Cmwlth. 89, 636 A.2d 250 (Pa.Cmwlth.1993). "This court has often stated that the reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *Elite Carpentry Contractors,* 636 A.2d at 252. It is an employer's burden to establish that there was a reasonable basis for contesting liability. *Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.),* 141 Pa.Cmwlth.398, 595 A.2d 761 (1991), *petition for allowance of appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991).

■ The discussion between the WCJ and Employer's counsel, as quoted above, establishes that Employer did not present a reasonable contest to this action. Furthermore, in *Overton,* we made clear that "willful, deliberate failure to comply with the WCJ's order adopting the Stipulation constituted a violation of the Act, which precludes a finding of a reasonable contest and renders an award of attorney's fees proper." *Overton,* 783 A.2d at 361. We also noted that if an employer, following an approved stipulation, "wished to obtain a clarification of its obligation, the proper procedure would have been to file a review petition, thereby protecting itself against an assessment of penalties and attorney's fees." *Overton,* 783 A.2d at 360. Employer in the instant action instead chose to unilaterally amend the compromise and release agreement to provide itself almost total reimbursement. As such, we conclude that the Board did not err in determining that Employer's contest was unreasonable and that an award of attorney fees was warranted.[3]

---

**3.** Regarding Employer's petition for review to this Court, we note with surprise that Claimant did not request an award of attorney fees pursuant to Pa. R.A.P. 2744. Had such a request been made, it would have been given thoughtful consideration.

Accordingly, the order of the Board is affirmed.

**ORDER**

AND NOW, this 2nd day of June, 2003, the order of the Workers' Compensation Appeal Board is affirmed.