IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Janeen Dickerson,                          :
                      Petitioner   :
                                    :   No. 1218 C.D. 2019
            v.                      :
                                      :   Submitted: December 6, 2019
Workers' Compensation  Appeal            :
Board (A Second Chance Inc.),            :
                    Respondent   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED:  April 15, 2020


        Janeen Dickerson (Claimant) petitions for review from the August 15, 2019 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ), which concluded that Claimant's claim petition (Petition) was time-barred under Section 315 of the Workers' Compensation Act (Act),[1] 77 P.S. §602, as it was filed more than three years after the date of injury.

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4-2501-2710.

**Facts and Procedural History**

The factual history of the instant matter is undisputed. The issue in this case is whether Claimant's Petition is time-barred under Section 315 of the Act (Section 315). Section 315 is a statute of repose[2] which states that a claim petition brought under the Act must be filed within three years from the date of injury. 77 P.S. §602. Section 315 may be tolled where a claimant demonstrates (1) the injury was work-related, and (2) the employer made payments for medical expenses with the intent that they be "in lieu of [workers]' compensation." *Schreffler v. Workers' Compensation Appeal Board (Kocher Coal Company)*, 788 A.2d 963, 971 (Pa. 2002). As issues of timeliness often necessitate, we focus on the procedural nature of this case.

Claimant worked for A Second Chance, Inc. (Employer) and alleged that she was injured when she was involved in a work-related motor vehicle accident on May 15, 2014. (Reproduced Record (R.R.) at 1a, 6a; Finding of Fact (F.F.) No. 1.) On June 4, 2014, Employer issued a Medical-Only Notice of Temporary Compensation Payable (NTCP), for *medical treatment only and not for loss of wages*.

---

[2] A statute of limitations and a statute of repose, though similar, are distinct.

> A statute of limitations extinguishes the remedy; a statute of repose extinguishes both the remedy and the right. Accordingly, a statute of limitations is procedural, and a statute of repose is substantive. The difference has been explained as follows: 'A statute of limitations is procedural and extinguishes the remedy rather than the cause of action. A statute of repose, however, is substantive and extinguishes both the remedy and the actual cause of action.'

*City of Warren v. Workers' Compensation Appeal Board (Haines)*, 156 A.3d 371, 377 (Pa. Cmwlth. 2017) (citing *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Korach)*, 883 A.2d 579, 588 n.11 (Pa. 2005)).

(R.R. at 1a; F.F. No. 2.)   On July 31, 2014, Employer issued a Notice Stopping Temporary Compensation (NSTC) and denying liability.  (R.R. at 3a; F.F. No. 2.) That same day, Employer also issued a Notice of Workers' Compensation Denial (NCD) indicating that "based on the medical opinion of Dr. Richard Kasdan the ongoing medical complaints [were] not work related."  (R.R. at 4a; F.F. No. 2.) Subsequent to the denial, Employer paid medical bills as late as August 12, 2014, for treatment rendered on July 24, 2014.  (F.F. No. 4.)

On June 5, 2017, Claimant filed the Petition alleging that she sustained bodily injuries in the course and scope of her employment and seeking indemnity benefits.  (R.R. at 6a; F.F. No. 1.)   Employer filed a timely answer, denying all material allegations in the Petition and asserting that the Petition was not timely filed. The Petition was assigned to a WCJ, who conducted a hearing.   Following the hearing, the WCJ made the pertinent findings of fact:

8. I do not find that Employer intended for the payment of medical benefits to replace disability benefits, or to constitute payment "in lieu of compensation" for the following reasons:

   a. The operative Bureau document is the [NCD].
   b. The Employer has not, at any time, acknowledged wage loss benefits. No wage loss benefits have been paid.
   c. The Employer issued a Medical-Only [NTCP], and then stopped it and denied the claim, which supports that its intent was to pay medical expenses, but not wage loss.
   d. The medical bill that Employer paid on August 12, 2014 was for treatment rendered on July 24, 2014, which was prior to the issuance of the denial.  This supports the Employer's intent to pay for medical treatment that was rendered during the time the

3

Medical-Only [NTCP] was operative. There is no evidence that any bills were paid for treatment rendered after the issuance of the [NSTC] and the [NCD].

e. The language the Employer used on the [NCD] in box number six does not demonstrate any intent for payment of medical bills to be considered compensation benefits.

9. As I do not find any evidence to demonstrate that the Employer intended to pay medical benefits in lieu of compensation, I find that the three-year limitation period was not tolled or extended.

10. The Claimant's Petition was not filed within three years of the date of injury, and is thus time-barred.

(F.F. Nos. 8-10.) Based on these facts, the WCJ concluded that Claimant's Petition was time-barred under Section 315 as it was filed more than three years after the date of injury and Claimant failed to meet her burden of establishing that the medical payments made by Employer were in lieu of compensation.

On June 25, 2018, Claimant appealed the decision of the WCJ to the Board. By decision mailed August 15, 2019, the Board affirmed the WCJ. The Board reasoned that the controlling question was whether Employer intended to make payments for medical services in place of disability benefits. (Board op. at 2-3.) Citing *Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778, 785 (Pa. Cmwlth. 2015), the Board explained that "by issuing a medical-only [notice of compensation payable (NCP)] [an] [e]mployer makes its intent expressly clear that it would pay a claimant's medical expenses but [does not] accept []liability for wage-loss benefits." (Board op. at 3.) Furthermore, the Board concluded that even though a medical bill was paid by Employer on August 12, 2014, for treatment rendered on July 24, 2014, this was prior to the NCD.

4

The Board agreed with the WCJ that the fact that Employer indicated on the NCD that Claimant's medical complaints were not work related supported a finding that Employer intended to pay for medical expenses only. (Board op. at 4.) On September 4, 2019, Claimant appealed to this Court.

## Discussion

On appeal,[3] Claimant raises one issue: "[w]hether the [Board] erred in affirming [the WCJ's] decision, as [Claimant's] [P]etition was not time-barred under Section 315 [], because [Employer's] payment of work-related medical bills tolled Section 315's three-year statute of limitations for filing a [P]etition." (Claimant's Br. at 4.)

For support, Claimant relies on *Harley Davidson, Inc. v. Workers' Compensation Appeal Board (Emig)*, 829 A.2d 1247 (Pa. Cmwlth. 2003), arguing that where an employer has knowledge of a claimant's injury and pays for medical treatment, the statute of repose can be tolled. Claimant argues that because Employer was aware of the work-related injury in this case, and paid for medical treatment, the payments were made in lieu of compensation. Further, Claimant maintains that the present matter is distinguishable from *Sloane*, 124 A.3d 778, because the controlling document here is different from the one in *Sloane*. It is Claimant's position that presently, the NSTC and NCD are the controlling documents, not the Medical-Only NTCP.

---

[3] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

Employer argues that *Sloane* controls the disposition of the instant matter because where a Medical-Only NCP[4] is filed, a claim petition must be filed within three years of the date of the work injury. Pointedly, Employer argues that the three-year period under Section 315 is not tolled under *Sloane* because when a Medical-Only NCP is filed, an employer makes clear its intent to pay medical expenses, but does not accept liability and does not agree to pay wage-loss benefits. Thus, when it issued the Medical-Only NTCP, Employer argues that its intent was only to pay for medical expenses and not make payments in lieu of compensation.

### Section 315 of the Act

Claims based on personal injury that are brought pursuant to the Act are subject to a three-year repose period under Section 315,[5] which provides, in relevant part, as follows:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation

---

[4] In *Sloane*, the employer issued a Medical-Only NCP while Employer here issued a Medical-Only NTCP. 124 A.3d 782. A NTCP is different from a NCP as it evidences an employer's uncertainty as to its liability under the Act. Section 406.1(d)(1) of the Act added by Act of February 8, 1972, P.L. 25, 77 P.S. §717.1(d)(1). Section 406.1(d)(1) of the Act provides, in full: "[i]n any instance where an employer is uncertain whether a claim is compensable under this act or is uncertain of the extent of its liability under this act, the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a notice of temporary compensation payable as prescribed by the department." 77 P.S. §717.1(d)(1).

[5] "The purposes underlying time limitations in the Act are to stimulate the prompt pursuit of legal rights and avoidance of the inconvenience and prejudice resulting from deciding stale cases on stale evidence." *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 627 A.2d 250, 253 (Pa. Cmwlth. 1993), *appeal granted & order aff'd*, 680 A.2d 823 (Pa. 1994).

payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition: Provided, That any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury and which payment is identified as not being [workers'] compensation shall not be considered to be payment in lieu of [workers'] compensation, and such payment shall not toll the running of the Statute of Limitations.

Section 315 of the Act, 77 P.S. §602. "Section 315 [] is a statute of repose that completely extinguishes a claimant's rights under the Act unless, within three years of the date of injury, the parties agree on the compensation payable or a claim petition is filed." *Golley v. Workers' Compensation Appeal Board (AAA Mid-Atl., Inc.)*, 747 A.2d 1253, 1255 (Pa. Cmwlth. 2000) (citing *Armco, Inc. v. Workmen's Compensation Appeal Board (Mattern),* 667 A.2d 710, 715 (Pa. 1995)).

Like a statute of limitations, Section 315 allows for tolling in certain scenarios. Generally, under Section 315, "payments of compensation" will toll the limitations period. *Schreffler*, 788 A.2d at 970. Our Supreme Court has prescribed a two-part test to determine if a payment of medical expenses qualifies as a payment of compensation:

[A] [c]laimant must [] establish that (1) the injury was work-related, and (2) that the payments were made with the intent that they be "in lieu of [workers'] compensation." The claimant cannot meet his or her burden by showing that payments of expenses have been made, but must adduce additional evidence as to the employer's intent in making the payments. The employer may rebut the claimant's

7

> evidence by demonstrating, for example, that the injury was not work-related, or that the payments were not made in lieu of workers' compensation.

*Schreffler*, 788 A.2d at 971. In other words, payments are considered to be "in lieu of compensation," and will toll the repose period if they are voluntary or informal, apart from the Act, and "*paid with the intent to compensate for a work-related injury*." *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 61 (Pa. Cmwlth. 2014) (emphasis in original) (quoting *Wallace v. Workers' Compensation Appeal Board (Pittsburgh Steelers)*, 722 A.2d 1168, 1170 (Pa. Cmwlth. 1999)).[6]

In applying Section 315, we turn to *Sloane* for guidance. In *Sloane* the claimant injured her elbow during the course and scope of her employment as a nurse. 124 A.3d at 781. After recovering from a prior work-related injury, she returned to work in a light-duty position with reduced wages, but suffered a second work-related injury in 2007. *Id*. The employer accepted this injury through a Medical-Only NCP that did not provide compensation for loss of wages. *Id*. The claimant filed a claim petition on May 31, 2011, seeking reinstatement of total disability benefits. *Id*. at 782. The WCJ granted the petition and both the employer and the claimant each appealed to this Court. In concluding the petition was time-barred under Section 315, we explained:

> Section 315 [] imposes a three-year limitations period, measured from the date [] of injury. [Section 315 of the Act,] 77 P.S. §602. [P]ayments of medical expenses may toll the Section 315 limitations period where those

---

[6] As an aside, in *Harley Davidson,* 829 A.2d at 1252-53, this Court reiterated that a claimant must do more than establish the receipt of medical benefits to toll the repose period under Section 315.

8

payments were made "in lieu of" workers' compensation benefits. The controlling question in this analysis is the intent of the employer, *i.e.* whether the employer intended the payments for medical services to replace disability benefits. Here, **by issuing the medical-only NCP, [the e]mployer made its intent expressly clear that it would pay [the c]laimant's medical expenses but accepted no liability for wage-loss benefits.** Thus, the Petition would [] be untimely under Section 315.

*Sloane*, 124 A.3d at 785-86 (emphasis added) (citations omitted).

Here, we agree with the WCJ's finding and the Board's conclusion that the evidence in this case does not demonstrate that Employer's payments of medical expenses were made in lieu of compensation. Significantly, the record does not reflect a single instance where Employer paid wage loss benefits. Instead, Employer issued a Medical-Only NTCP agreeing only to pay the medical expenses associated with Claimant's injuries. Thus, just like the employer in *Sloane,* Employer here **"made its intent expressly clear that it would pay Claimant's medical expenses but accepted no liability for wage-loss benefits."** *Sloane*, 124 A.3d at 785-86. Thereafter, Employer issued a NCD denying liability on the basis that Claimant's injuries were not work related.[7]

Moreover, the findings show that Claimant's medical bills were paid as late as August 12, 2014, for treatment rendered on July 24, 2014, however, there is no evidence or finding to indicate that any payment was made with the intent to be in lieu of compensation. The medical bill that Employer paid for treatment rendered on July 24, 2014, was for treatment prior to Employer's issuance of the NCD, which further supports the conclusion that Employer intended only to pay for medical

---

[7] Claimant's argument that the NSTC and the NCD are the controlling documents is irrelevant because under *Schreffler* the relevant inquiry is not the kind of document issued, but whether payments were made in lieu of compensation.

9

treatment that was rendered during the time the Medical-Only NTCP was in effect. To establish that payments were made in lieu of compensation, Claimant must show more than the simple fact that she received payments for medical expenses. Because Claimant has failed to adduce such evidence, the repose period under Section 315 was not tolled.

## Conclusion

Claimant has failed to show that Employer's payments of medical expenses qualified as payments in lieu of compensation under *Schreffler*. To the contrary, the evidence of record reflects that Employer issued a Medical-Only NTCP, paid only medical expenses, did not pay wage-loss benefits, and denied liability in a NSTC and NCD because the injury was not work-related. Claimant was not entitled to toll the statute of repose under Section 315. Claimant filed her Petition on June 5, 2017, however, the final day to file her petition was May 15, 2017. Therefore, Claimant's Petition is untimely.

Accordingly, the order of the Board is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Janeen Dickerson,                          :
              Petitioner        :
                                               :
                                               :   No. 1218 C.D. 2019
              v.                                :
                                               :
Workers' Compensation Appeal             :
Board (A Second Chance Inc.),            :
              Respondent       :

## ***ORDER***

       AND NOW, this 15th day of April, 2020, the August 15, 2019 order of the Workers' Compensation Appeal Board is affirmed.

                                       _____
                                       PATRICIA A. McCULLOUGH, Judge