**Beth A. BRUTICO, Petitioner**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (US AIRWAYS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2004.

Decided Dec. 20, 2004.

Reconsideration Denied Feb. 23, 2005.

Edward Jaffee Abes and Sandra W. Kokal, Pittsburgh, for petitioner.

Kimberly A. Zabroski, Pittsburgh, for respondent.

Lawrence R. Chaban, Pittsburgh, for amicus curie, PA Trial Lawyers Association.

McGINLEY, Judge, and
PELLEGRINI, Judge, and
LEADBETTER, Judge.

### OPINION BY Judge PELLEGRINI.

Beth A. Brutico (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) dismissing her claim petition and not awarding penalties or unreasonable contest fees against US Airways, Inc. (Employer) because she failed to meet her burden of proving she was disabled even though Employer acknowledged that she suffered a work-related injury.

On January 5, 2001, Claimant was injured at work while she was loading a van with freight and she stepped off of the loading dock in the rain and her feet went out from under her causing her to fall to the floor of the van with her right leg falling between the back of the van and the loading dock. Immediately following this incident, she felt no discomfort and continued working. Later that evening, she began to experience back spasms at home. The following Monday, January 8, 2001, she reported the incident to her supervisor and completed an injury form.

Because she had ongoing symptoms, Claimant scheduled an appointment on January 30, 2001, with Employer's panel physician group, WorkWell, and met with one of its physicians. At that time, she presented with complaints of pain in her neck, upper back and lower back, but she had no complaints of pain radiating down her knees or into her lower extremities. The doctor diagnosed Claimant with cervical, thoracic and lumbosacral strains and prescribed medication as well as physical therapy for five to six weeks. Claimant completed physical therapy without any reports of pain in either of her lower extremities and returned to work March 20, 2001, without any restrictions after she felt she was 80–90% recovered. Despite her injury, Claimant remained physically active after her injury by playing softball in a league, running several miles a few times a week, roller blading, biking and walking. Employer paid for her medical bills for her doctors' visits, tests and physical therapy related to her neck and back strains.

Approximately one-and-one-half months after completing physical therapy, Claimant contacted Employer's insurer to advise that she had ongoing back pain. She was told that she could see a physician of her own choosing, and Claimant sought treatment with a chiropractor with whom she had treated previously. She reported to the chiropractor that as a result of her work injury on January 5, 2001, she began having low back pain with intermittent pain in both legs, but with greater pain in

the right leg. He opined that her lumbosacral pain was secondary to abnormalities in the L5–S1 disc based on an MRI that was performed, and that his examination findings strongly suggested nerve root entrapment. On August 22, 2001, Claimant also returned to WorkWell for treatment claiming that her low back symptoms had increased in late April or early May 2001 with radiation of low back pain into the right lower extremity that was new over the last few weeks.

Although Claimant had not yet filed a claim petition, once Employer became aware of her visits to her chiropractor and to WorkWell with different complaints of pain than those of her work injury on January 5, 2001, Employer issued to Claimant a Notice of Workers' Compensation Denial (NCD) on August 24, 2001, acknowledging that she suffered a work injury, but declining to pay workers' compensation benefits to her because it was not disabling. Claimant then filed a claim petition on January 28, 2002, alleging that she was injured on January 5, 2001, in the nature of "cervical upper back, low back radiating into both legs" and further stating that she had not recovered "from the disc herniation resulting from this work injury." She sought unreasonable contest attorneys' fees. Claimant also filed a penalty petition stating that "although it is admitted by [Employer] that the appropriate notice of the January 5, 2001 work-related injury was given to them January 8, 2001, no Notice of Denial was issued until August 24, 2001, over seven (7) months later. In the Notice of Denial, [Employer] admits that an injury took place."

Employer filed an answer denying the allegations and disputed that she sustained a disc herniation as a result of the January 5, 2001 incident, and that she did not re-

port the existence of any lower extremity symptoms until early August 2001, seven months after she strained her cervical, thoracic and lumbar spines. Employer also alleged that it had a reasonable basis to contest Claimant's allegation of a further injury, and that the imposition of penalties was not appropriate when no compensation was due.

At the hearing before the WCJ, Employer initially acknowledged that it had recognized the existence of Claimant's January 5, 2001 work-related injury in the nature of cervical, thoracic and lumbosacral strains, but disputed that Claimant suffered an L5–S1 disc herniation or an aggravation of a pre-existing L5–S1 disc herniation on January 5, 2001, and further denied that medical treatment she received on or after April 26, 2001, specifically related to her lower extremity symptoms were causally related to the January 5, 2001 work injury. Both parties then offered expert medical testimony to support their positions.

Finding Employer's medical expert to be more credible and persuasive than Claimant's expert, the WCJ found that Claimant did not suffer a herniated disc or a pre-existing disc herniation on January 5, 2001. The WCJ further found that Employer did not violate Section 406.1(c) of the Workers' Compensation Act (Act)[1] when it issued the NCD on August 24, 2001, because it was only required to issue the notice when an employee became *disabled*, not injured, and Claimant never alleged a period of disability as a result of the January 5, 2001 work-related injury. Finally, the WCJ found that Employer engaged in a reasonable contest and did not award Claimant counsel fees and denied Claimant's penalty petition.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 717.1(c).

Claimant appealed to the Board arguing that the WCJ erred in failing to grant the claim petition and award unreasonable contest attorneys' fees because Employer presented no basis to contest her petition and also arguing that the WCJ erred in finding that Employer did not violate the Act when it issued an untimely NCD. The Board affirmed, finding that the WCJ properly found that Employer did not violate the Act because the Act requires acknowledgement or denial to be issued within 21 days of notice of an employee's disability, and Claimant never alleged a period of disability. Additionally, the Board concluded that the WCJ properly determined that Claimant's argument— that Employer presented no basis to contest the claim—failed because the issue was not whether Claimant sustained an injury at work, but rather what was the nature of that injury, and Claimant failed to prove she sustained a disabling injury. This appeal by Claimant followed.[2]

■ Claimant contends that the WCJ erred by failing to award penalties when Employer did not dispute that she sustained a work-related injury and failed to issue a Notice of Compensation Payable (NCP) in violation of the Act.

This issue was most recently addressed in *Orenich v. Workers' Compensation Appeal Board (Geisinger Wyoming Valley Medical Center)*, 863 A.2d 165 (Pa.Cmwlth. 2004). In that case, the employer paid the injured claimant's medical bills, but did not issue an NCP or NCD within 21 days as required by Section 406.1(a) of the Act, 77 P.S. § 717.1(a).[3] Relying on *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164 (Pa. Cmwlth.2003) and *Lemansky v. Workers Compensation Appeal Board (Hagan Ice Cream Co.)*, 738 A.2d 498 (Pa.Cmwlth. 1999), *petition for allowance of appeal denied*, 563 Pa. 668, 759 A.2d 389 (2000), we held that regardless of whether an employer acknowledged an injured but not disabled employee's injuries by paying his or her medical bills, the employer was still required to issue either an NCP or NCD pursuant to Section 406.1(a) of the Act. We explained that there were a multitude of reasons for such a requirement, including "fix[ing] the nature of the injury for both employer and claimant, allow[ing] for utilization review of treatment, and keep[ing] the burden of proof on the proper party to prove what otherwise would not be possible without an NCP." (*Geisinger* at 170.)

■ Because Employer in this case clearly was required to file an NCP or NCD within 21 days of receiving notice of Claimant's injury on January 5, 2001, its failure to do so may have been cause for the WCJ to impose a penalty.[4] However,

---

2. Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel)*, 833 A.2d 276 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 578 Pa. 703, 852 A.2d 314 (2004).

3. That section provides the following in relevant part:

   The employer and insurer shall promptly investigate each injury reported or known

to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407 ... on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability ...
   77 P.S. § 717.1(a).

4. Employer argues that *Waldameer Park* and *Lemansky* are factually distinguishable and inapplicable because in both of those cases, the

when there is a violation of the Act, even an *apparent* violation, the imposition of a penalty is not automatic. *Henkels & McCoy, Inc. v. Workmen's Compensation Appeal Board (Hendrie)*, 738 A.2d 1 (Pa. Cmwlth.1999), *affirmed,* 565 Pa. 493, 776 A.2d 951 (2001); *DeVore v. Workmen's Compensation Appeal Board (Sun Oil Co.)*, 165 Pa.Cmwlth.615, 645 A.2d 917, *petition for allowance of appeal denied,* 540 Pa. 606, 655 A.2d 993 (1994). Rather, it is within the discretion of the WCJ to impose penalties. *Henkels & McCoy.* The assessment of penalties as well as the amount of penalties imposed is discretionary, and absent an abuse of discretion by the WCJ, we will not overturn the WCJ's decision on appeal. *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209 (Pa. Cmwlth.2003). "An abuse of discretion is not merely an error of judgment but occurs, *inter alia,* when the law is misapplied in reaching a conclusion." *Id.* at 213–214.

In this case, the WCJ did not impose penalties because she found that Employer did not violate the Act when it issued an NCD seven months after it became aware of Claimant's injury of January 5, 2001, because the statute only applied to disabilities, not injuries. While the term *disability* is synonymous with a loss of earning power, our holdings in *Waldameer Park* and *Lemansky* have clearly held that section includes *injured* employees as well. Because there was a violation of the Act, penalties would have been awardable.

However, the claim petition had to be granted as well as some "measure" against which the WCJ could use to award penalties. *See Palmer v. Workers' Compensation Appeal Board (City of Philadelphia)*, 850 A.2d 72 (Pa.Cmwlth.2004). Because Claimant's petition was denied, no penalties could be awarded.

■ Claimant , then argues that the WCJ erred in determining that Employer had engaged in a reasonable contest [5] when Employer had acknowledged that she had sustained a work-related injury and did not issue a "medical only" NCP forcing her to file a claim petition. Once again, Claimant relies upon *Waldameer Park* where attorneys' fees were awarded for an unreasonable contest after the employer failed to file an NCP or NCD and the claimant had to hire an attorney in order to file a claim petition. However, the facts in *Waldameer Park* are sufficiently different from those in this case to bring about a different result.

In *Waldameer Park,* the claimant suffered a hand injury for which she suffered no wage losses and only sought acknowledgement of the injury and the payment of future medical bills before the statute of limitations ran. She presented medical testimony of her treating physician who testified she suffered from Reflex Sympathetic Dystrophy (RSD) which was caused by her work injury. The employer's medical expert testified that she found no evidence of RSD and the claimant had recov-

employers never filed any type of response to notice of the claimants' injuries where, as here, it filed an NCD when Claimant alleged additional injuries. The fact that Employer actually filed an NCD when the employers in *Waldameer Park* and *Lemansky* never did is of no moment in deciding this case because the late filing neither benefited nor harmed Claimant. Regardless, Claimant would have had to file a claim petition for her newly alleged injuries. Because *Waldameer Park*

and *Lemansky* are the law in this area, Employer was required to issue either an NCP or NCD within 21 days of notice of Claimant's injury on January 5, 2001.

5.   Section 440(a) of the Act, 77 P.S. § 996(a), provides that in the case of an unreasonable contest, in addition to the award for compensation, attorneys' fees may be awarded to the claimant in whose favor the matter has been decided favorably.

ered from her injury, but did not testify that the injury had never occurred. The WCJ found the claimant's expert more credible and awarded unreasonable contest attorneys' fees because the employer forced the claimant to litigate whether the injury ever occurred and whether the employer had notice of the injury when the employer's medical expert did not testify that the injury had not occurred. On appeal, we affirmed because the employer never issued an NCP and forced the claimant to hire an attorney. Then the employer denied all of the allegations in the claim petition. Had the employer issued an NCP, it would have been possible that the claimant would have never needed to hire an attorney and litigate the matter because her rights to future medical benefits would have been secure.

In this case, Claimant would have had to hire an attorney regardless of whether Employer filed a timely NCP or NCD when she was first injured because the nature of her injuries had changed. She originally suffered cervical, thoracic and lumbosacral strains, but was alleging in her claim petition that she now had "cervical upper back, low back radiating into both legs" and that she had not recovered from the "disc herniation resulting from that work injury." Unlike in *Waldameer Park*, the filing of an NCP or NCD at the time of Claimant's original injury would not have saved Claimant the money of hiring an attorney or the time from litigating the claim. Her alleged injuries were distinctly different from those originally claimed for which the Employer admitted were work-related. Therefore, even if an NCP had been issued within 21 days, she still would have had to file a claim petition to amend the NCP. *See Commercial Credit Claims v. Workmen's Compensation Appeal Board (Lancaster)*, 556 Pa. 325, 728 A.2d 902 (1999). At the hearing, Employer presented medical evidence that indicat-

ed that Claimant was not suffering from a disc herniation as she had alleged, and the WCJ found that medical evidence credible. Because there was a genuinely disputed issue before the WCJ on the purported new injuries, she did not err in determining that Employer presented a reasonable contest.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 20th day of December, 2004, the order of the Workers' Compensation Appeal Board, dated April 2, 2004, at No. A03–1451, is affirmed.