# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Speedwell Construction, Inc. and　　　　:
Erie Insurance Company of　　　　　　 :
New York,　　　　　　　　　　　　　 :
　　　　　　　　　　　Petitioners　　 :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　v.　　　　　　　　　　 :　No. 547 C.D. 2021
　　　　　　　　　　　　　　　　　　 :　Submitted: October 29, 2021
Gerald Klinger (Workers'　　　　　　　:
Compensation Appeal Board),　　　　　 :
　　　　　　　　　　　Respondent　　 :


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, Judge[1]
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**　　　　　　**FILED: March 30, 2022**


Speedwell Construction, Inc. and Erie Insurance Company of New York (together, Employer) petition for review of the Workers' Compensation Appeal Board's (Board) April 20, 2021 Order that affirmed in part and reversed in part a Workers' Compensation Judge's (WCJ) April 7, 2020 Decision. The WCJ granted Gerald Klinger's (Claimant) Claim and Penalty Petitions, denied Employer's Termination Petition, and awarded unreasonable contest fees to Claimant.[2] On

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

[2] The Board reversed the WCJ's grant of the Penalty Petition but affirmed the WCJ's other determinations. Employer does not challenge the denial of the Termination Petition.

appeal, Employer argues that the Board erred in affirming the award of unreasonable contest attorney's fees because there existed a genuine dispute surrounding Claimant's alleged injuries and that the award encompassed attorney's fees incurred during prior litigation in which Employer, not Claimant, prevailed. Because the record shows that Employer lacked any medical evidence to support its denial of Claimant's benefits at the time it contested the claim and did not object to Claimant's counsel's (Counsel) inclusion of certain fees in Counsel's Quantum Meruit Application (Application) in the time period required by the Board's Regulations, we affirm the Board's Order.

## I.   BACKGROUND

### A. *The Injury and Employer's Denial*

Claimant worked for Employer as a commercial construction superintendent. On April 18, 2018, during the course of his employment, Claimant suffered a work-related injury to his back while removing the side panels from the bed of a flatbed truck. Employer initially recognized the injury through a Notice of Temporary Compensation Payable (NTCP), which described the injury as an upper back strain. (December 12, 2018 WCJ Decision (2018 WCJ Decision), Finding of Fact (2018 FOF) ¶ 1.[3]) Employer then issued three Amended NTCPs, with the last providing for a weekly compensation rate of $1,025.00. (*Id.*) On June 21, 2018, Employer issued a Notice Stopping Temporary Compensation (Notice Stopping) and Notice of Workers' Compensation Denial (Denial), asserting that Claimant suffered no injury. (*Id.*)

---

[3] The December 12, 2018 Decision is found at pages 82 through 90 of the Reproduced Record.

2

## B. First Penalty Petition

Claimant filed a penalty petition (First Penalty Petition) on August 3, 2018, asserting that Employer unilaterally ceased payment without an agreement, a WCJ's order, or properly or timely filing the appropriate documents for ceasing payments. In particular, Employer denied the claim because Claimant had not suffered a work-related injury. (*Id.*) Claimant challenged the timing of Employer's Notice Stopping and Denial and sought, among other things, unreasonable contest attorney's fees. Following hearings before a different WCJ, that WCJ denied and dismissed the First Penalty Petition on December 12, 2018, determining that the Notice Stopping and Denial were timely filed. In the decision, that WCJ clarified that

> [t]his [d]ecision addresses only the arguments raised by Claimant concerning the timeliness of the Notice Stopping. Nothing in this [d]ecision should be read as precluding Claimant from pursuing a [c]laim [p]etition for the alleged April 18, 2018 injury, a [p]enalty [p]etition on a basis other than that involved in the currently pending [p]enalty [p]etition, or any other [p]etition which may be available and appropriate under the [Workers' Compensation] Act [(Act).[4]]

(2018 Decision, Conclusion of Law (2018 COL) ¶ 12.)

## C. Current Petitions

On January 10, 2019, Claimant filed his Claim Petition, asserting compression fractures at the T9 through T11 vertebrae and requesting "temporary total disability benefits from April 23, 2018, through and including October 21, 2018, and temporary partial disability from October 22, 2018[,] and ongoing." (April 7, 2020 WCJ Decision (2020 Decision), Findings of Fact (2020 FOF) ¶ 1.[5]) Claimant also filed the current Penalty Petition that same day, alleging that Employer failed to

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[5] The 2020 Decision is found at pages 282 through 288 of the Reproduced Record.

properly investigate, commence payments when due, and/or issue the proper forms under the Act. Claimant sought the award of unreasonable contest fees. Employer filed Answers to both the Claim and Penalty Petitions, admitting that it received notice of the injury and that Claimant went back to his full-duty job on October 21, 2018, but denying all other material allegations. After three hearings before the WCJ, the WCJ issued an interlocutory order approving the parties' Stipulation, in which the parties agreed that Claimant was entitled to total disability benefits from June 9, 2018, through and including October 21, 2018. (June 3, 2019 WCJ Order, Stipulation ¶ 9.[6]) On June 6, 2019, Employer filed its Termination Petition, alleging that Claimant fully recovered from the injury as of March 28, 2019, based on the opinion of Walter Peppelman, D.O. (2020 FOF ¶ 7.)

### D. Evidence Presented

Claimant testified twice before the WCJ, on March 12, 2019, and April 23, 2019,[7] and submitted the deposition testimonies of David Frank, M.D., who testified on April 5, 2019,[8] and Jesse E. Bible, M.D., who testified on October 23, 2019.[9] Claimant testified regarding his medical history, explaining that he had previous surgeries and injuries to his right elbow, right shoulder, right ankle, and neck, but never had any upper back or thoracic spine injuries. (Reproduced Record (R.R.) at

---

[6] The June 3, 2019 WCJ Order and Stipulation are found at pages 267 through 269 of the Reproduced Record.

[7] Claimant's March 12, 2019 hearing testimony is found at pages 5 through 54 of the Reproduced Record. Claimant's April 23, 2019 hearing testimony is found at pages 64 through 78 of the Reproduced Record.

[8] Dr. Frank's April 5, 2019 deposition testimony is found at pages 91 through 103 of the Reproduced Record.

[9] Dr. Bible's October 23, 2019 deposition testimony is found at pages 137 through 166 of the Reproduced Record.

4

7-9.[10]) Claimant explained that on April 18, 2018, as he was lifting the gate off a flatbed truck, he felt a pop in the center of his back that caused pain through his body and a worsening of symptoms thereafter. (*Id.* at 11-15.) Claimant described his treatments with Dr. Frank and Dr. Bible and that he continued to experience symptoms from the injury. (*Id.* at 22-25, 29-31.) With respect to Employer denying his claim, Claimant explained that Employer stopped paying because he submitted requests for "two of the same scans done by different doctors," which the person handling his claim thought was improper. (*Id.* at 26.) On cross-examination during the March 12, 2019 hearing, Claimant was asked about a 2007 magnetic resonance imaging (MRI) of Claimant's thoracic spine, which Claimant stated that he did not remember having done. (*Id.* at 48.)

Dr. Frank opined that Claimant's injuries consisted of an aggravation of Claimant's preexisting degenerative conditions, which included Schmorl's Nodes and spondylosis, and a strain/sprain to the thoracic spine. (*Id.* at 96-97, 102.) On cross-examination, Employer's counsel provided Dr. Frank with the December 2007 MRI, and Dr. Frank agreed that it showed small disc protrusions in the thoracic spine. (*Id.* at 100.) Dr. Bible likewise diagnosed Claimant with the same and opined that Claimant had not recovered. (*Id.* at 147-51, 165-66.)

Employer submitted the deposition testimony of Dr. Peppelman.[11] Dr. Peppelman conducted an independent medical examination (IME) of Claimant at Employer's request on March 28, 2019. (2020 FOF ¶ 4.) Dr. Peppelman agreed that

---

[10] Employer's Reproduced Record does not comply with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173, which requires that "the pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed . . . by a small a, thus 1a, 2a, 3a, etc." Employer failed to include the small "a" with its record page numbers. For consistency of reference, the citations herein are as reflected in the Reproduced Record.

[11] Dr. Peppelman's deposition testimony is found at pages 179 through 228 of the Reproduced Record.

Claimant suffered a thoracic strain and sprain as a result of the work incident, from which Dr. Peppelman opined Claimant had fully recovered, but disagreed that Claimant suffered an aggravation of any preexisting degenerative condition. (R.R. at 196-200.)

In support of Claimant's request for unreasonable contest attorney's fees, Counsel filed the Application on February 28, 2020, setting forth Counsel's fees beginning June 21, 2018, and through February 17, 2020. (*Id.* at 274-81.) The WCJ advised Employer of the Application and that it had 10 days to object thereto. (Certified Record (C.R.) at 451.) In its response, Employer did not object to the submission of the Application but maintained that it "believe[d] that no unreasonable contest attorney['s] fees should be awarded." (*Id.* at 453.)

*E. The 2020 Decision*

The WCJ reviewed the evidence and testimony submitted by the parties and made factual and credibility determinations. First, with respect to the injuries, the WCJ credited Claimant's evidence, and found that he sustained "an acute aggravation of the preexisting degenerative conditions in the thoracic spine and a thoracic strain/sprain" from which he had not recovered. (2020 FOF ¶ 11.) In doing so, the WCJ rejected Employer's evidence that Claimant sustained only a thoracic strain/sprain from which he had fully recovered by March 28, 2019. (*Id.* ¶¶ 11-12.) Thus, the WCJ granted the Claim Petition and denied the Termination Petition. As to the Penalty Petition, the WCJ found that Employer did not violate the Act with regard to the payment of medical bills but had failed to properly investigate the injury and pay benefits under the Act. (*Id.* ¶¶ 13, 15; 2020 Decision, Conclusions of Law (2020 COL) ¶ 3.) Accordingly, the WCJ found that "Claimant [was] entitled

6

to a 50% penalty on the wage loss benefits[] he received from June 9, 2018[,] through October 21, 2018." (2020 FOF ¶ 15; 2020 COL ¶ 3.)

Finally, the WCJ found that Employer lacked a reasonable basis to contest Claimant's Claim Petition or deny that Claimant sustained a disabling work injury under the Act until March 28, 2019. (2020 FOF ¶ 14; 2020 COL ¶ 4.) Because Claimant had been diagnosed "totally disabled by Dr. Frank and Dr. Bible," who began seeing Claimant in May 2018, the WCJ determined that Employer lacked any basis to deny the claim until "they secured the examination with Dr. Pepp[el]man on March 28, 2019." (2020 FOF ¶ 14.) "Despite [] Claimant's ongoing disability, [] Employer pulled the NTCP and issued a [Notice Stopping] and Denial because the Claimant was receiving to[o] many diagnostic studies." (*Id.*) The WCJ found Claimant's unrefuted testimony that Employer had "stopped benefits because of duplicate scans" to be credible, and noted that even "Dr. Pepp[el]man agreed that repeat exams are common and reasonable." (*Id.*) Accordingly, the WCJ determined that Employer was to pay for all of Claimant's attorney's fees, as "documented in the [Application] through and including March 28, 2019," the date of Dr. Peppelman's IME, at an hourly rate of $200.00. (*Id.*; COL ¶ 4.)

*F. The Board's Opinion*[12]

On appeal to the Board, Employer challenged the grant of Claimant's Petitions, denial of its Termination Petition, and award of unreasonable contest attorney's fees. The Board concluded that the WCJ properly granted Claimant's Claim Petition and denied Employer's Termination Petition based on the WCJ's acceptance of the opinions of Dr. Bible and Dr. Frank and rejection of the opinion of Dr. Peppelman. (Board Opinion (Op.) at 5-6.) However, the Board agreed with

---

[12] The Board's Opinion is found at pages 289 through 300 of the Reproduced Record.

Employer that the WCJ erred in granting the Penalty Petition and reversed the award of a 50% penalty.

As to the unreasonable contest fees, Employer argued that the WCJ erred in granting any unreasonable contest attorney's fees because there was a genuine dispute over Claimant's alleged injuries and because fees were awarded "for a time period prior to the filing of the Claim and Penalty Petitions, including during a prior litigation where [Employer] was successful." (C.R. at 56-57.) The Board disagreed and discerned no error in the WCJ's finding that Employer's contest was unreasonable until March 28, 2019, or in awarding unreasonable contest attorney's fees for a closed period based on that conclusion. The Board determined that, because Employer lacked evidence to establish that Claimant was not injured or experiencing disability, *i.e.*, a loss of earnings relating to the work injury, at the time Employer denied the claim, it had not met its burden of proving that its contest was reasonable at that time. The Board found it noteworthy that Claimant credibly testified that Employer denied his claim because he was having multiple scans and that Employer waited until almost a year after the injury to request the IME, the results of which rendered Employer's contest reasonable as of that date. (*Id.* at 6-7 (citing *Crouse v. Workers' Comp. Appeal Bd. (NPS Energy SVC)*, 801 A.2d 655 (Pa. Cmwlth. 2002)).) Employer now petitions this Court for review.[13]

---

[13] Our scope of review in workers' compensation matters "is limited to determining whether constitutional rights have been violated, whether an error of law has been committed[,] and whether all necessary findings of fact are supported by substantial evidence." *Archer v. Workmen's Comp. Appeal Bd. (Gen. Motors)*, 587 A.2d 901, 903 (Pa. Cmwlth. 1991).

## II.    DISCUSSION

### A. Parties' Arguments[14]

On appeal, Employer raises only one issue: whether the Board erred in affirming the WCJ's award of unreasonable contest attorney's fees to Claimant. As to the award of unreasonable contest attorney's fees as a whole, Employer's first argument to this issue is that there existed evidence to support its reasonable contest prior to Dr. Peppelman's March 28, 2019 IME. To this point, Employer compares the facts of this case to those in *Gumm v. Workers' Compensation Appeal Board (J. Allan Steel)*, 942 A.2d 222 (Pa. Cmwlth. 2008), arguing that the employer there was found to have reasonably contested the claimant's work-related injury where there was a genuine dispute regarding the severity of the injury and the claimant alleged a more severe injury than that ultimately diagnosed. Here, Employer asserts, there existed a similar issue surrounding whether Claimant's symptoms and disability were caused by the April 18, 2018 work injury or were the result of a preexisting medical condition. Employer points to the December 2007 MRI of Claimant's thoracic spine that noted disc protrusions in the same area that Claimant alleged to have injured on April 18, 2018, and a medical report indicating that he had similar symptoms in August 2015, which contradicted Claimant's denial that he had prior thoracic spine or upper back issues. (Employer's Brief (Br.) at 19-20 (citing R.R. at 9, 100, 262).) Moreover, Employer argues, neither Dr. Frank nor Dr. Bible testified that Claimant suffered from a compression fracture at the T9 through T11 levels of Claimant's thoracic spine, as Claimant had pleaded in the Claim Petition. Employer also asserts that, similar to the claimant in *Brutico v. Workers' Compensation Appeal Board (U.S. Airways, Inc.)*, 866 A.2d 1152, 1156-57 (Pa. Cmwlth. 2004),

---

[14] We have rearranged the parties' arguments for ease of discussion.

9

"[C]laimant would have had to hire an attorney regardless of whether [Employer] filed a notice of compensation payable or notice of denial because the nature of [C]laimant's injuries had changed." (Employer's Br. at 18.) Accordingly, Employer maintains that its contest was at all times reasonable and no fees should have been awarded.

Second, Employer argues that the WCJ erred in awarding fees for any period of time prior to the filing of the Claim Petition and, particularly, for those incurred during the litigation on the First Penalty Petition on which Employer was successful. Employer points out that the Application for unreasonable contest "included fees from June 21, 2018[,] through January 4, 2019, prior to the filing of Claimant's Claim Petition on January 10, 2019." (*Id.* at 16 (citing R.R. at 275-78).) Employer asserts that the award of attorney's fees for this period is inconsistent with and contradicts the prior December 12, 2018 Decision that denied attorney's fees for that same period, which Claimant did not appeal.

In response, Claimant argues that the Board properly affirmed the WCJ's award of attorney's fees due to Employer's partially unreasonable contest. Claimant first contends that Employer's reliance on *Gumm* and *Brutico* is misplaced. Claimant asserts that *Gumm* supports the position that for there to be a "genuine dispute" that would establish a reasonable contest, there must be an evidentiary basis for the disagreement concerning the nature, severity, or extent of the injury that stems from medical evidence. According to Claimant, the employer in *Gumm* established a reasonable basis for the employer's denial because it had, at the time of the denial and prior to the filing of the claimant's claim petition, the opinion of its panel physician that the claimant had sustained a temporary injury but releasing the claimant to full duty, which was contrary to the claimant's later produced

10

medical evidence that disputed that the claimant had recovered from the work-related injury. As for *Brutico*, Claimant asserts that the contest was found to be reasonable there because the claimant failed to prove any injury beyond what the employer had accepted, while Employer here failed to acknowledge any injury at all, forcing Claimant "to hire Counsel to prove the obvious." (Claimant's Br. at 17.) Claimant maintains that the evidence of record shows no such basis for dispute here, especially given that Dr. Peppelman agreed that Claimant had suffered an injury at work on April 18, 2018, and offered no opinion regarding Claimant's disability prior to the March 28, 2019 IME.

Moreover, Claimant contends that Employer points to "isolated facts" to show a genuine dispute but fails to "cite to the portion of the [r]ecord or [m]edical [t]estimony where any expert opines, based on th[ose isolated facts, that] Claimant did not sustain a disabling work-related injury." (*Id.* at 28.) Because Employer does not point to any opinion from a medical expert showing that no injury or disability occurred from the April 18, 2018 work incident, and there was no dispute over the description of the work injury until the IME, Claimant posits, Employer cannot show that there existed a genuine dispute prior to March 28, 2019. Claimant also argues that Employer waived any challenge to the calculation of the attorney's fees as set forth in his Counsel's Application, which included the litigation surrounding the First Penalty Petition, because Employer failed to object to the Application "[w]ithin 15 days after service" as required by the Board's Regulations. (*Id.* at 20-21 (quoting 34 Pa. Code § 131.55(b)-(d)).)

11

*B. Analysis*

Section 440(a) of the Act states:

> (a) **In any contested case where the insurer has contested liability in whole or in part**, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, **the employe** . . . , **in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee**, . . . : Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added).[15] Our Supreme Court recently clarified that Section 440(a)'s use of "shall" is properly interpreted to mean that where "a contested case is resolved in favor of an employee, a reasonable sum for attorney's fees **shall** be awarded to the claimant. Such an award is **mandatory**. Where, however, the employer has established a reasonable basis for the contest, an award of attorney's fees **may** be excluded." *Lorino v. Workers' Comp. Appeal Bd. (Commonwealth of Pa.)*, 266 A.3d 487, 494 (Pa. 2021) (emphasis in original). "This section is intended to deter unreasonable contests of workers' compensation claims and to ensure that successful claimants receive compensation, undiminished by the costs of litigation." *U.S. Steel Corp. v. Workers' Comp. Appeal Bd. (Luczki)*, 887 A.2d 817, 821 (Pa. Cmwlth. 2005).

"A reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences, and there is an absence of evidence that an employer's contest is frivolous or filed to harass a claimant." *Id.* "Our [c]ourts have long held that **an employer's contest** of a claim under the Act **is not reasonable** . .

---

[15] Added by the Act of February 8, 1972, P.L. 25.

. where the employer **bases its contest** on **medical evidence obtained after employer filed its contest**." *Id.* (emphasis added). The employer bears the burden of proving a reasonable basis for contesting liability. *Dep't of Corr. v. Workers' Comp. Appeal Bd. (Clark)*, 824 A.2d 1241, 1244 (Pa. Cmwlth. 2003). The question of whether a contest is reasonable is one of law, reviewable by this Court based upon the record. *McGoldrick v. Workmen's Comp. Appeal Bd. (Acme Mkts., Inc.)*, 597 A.2d 1254, 1257 (Pa. Cmwlth. 1991). In determining the reasonableness of the contest, this Court must look to the totality of the circumstances. *Majesky v. Workmen's Comp. Appeal Bd. (Transit Am., Inc.)*, 595 A.2d 761, 764 (Pa. Cmwlth. 1991).

In *Crouse*, this Court held that "an unreasonable contest might become reasonable at some later point in the proceedings and thereby end an employer's exposure to unreasonable contest fees for fees incurred **after** producing evidence sufficient to support a reasonable contest." 801 A.2d at 660 (emphasis in original). There, the claimant had filed a claim petition alleging numerous injuries, which the employer denied without medical evidence to support the denial. After six months of litigating the claim petition, the employer obtained an IME, the report of which disputed the extent of the claimant's injuries. The WCJ granted both the claim petition and attorney's fees for the entirety of the litigation. However, the Board reversed, and this Court affirmed, determining that although the employer initially lacked any medical evidence to contest the claim, the contest became reasonable upon the employer obtaining medical evidence that created a genuine dispute surrounding the severity of the claimant's injuries. Accordingly, to reasonably contest liability, an employer must possess some evidence disputing the existence of the injury or disability at the time of the decision to bring the contest. *Id.*; *see also*

*U.S. Steel Corp.*, 887 A.2d at 823; *Yeagle v. Workmen's Comp. Appeal Bd. (Stone Container Corp.)*, 630 A.2d 558 (Pa. Cmwlth. 1993).

Similarly, in *Arnold v. Workers' Compensation Appeal Board (Baker Industries)*, 859 A.2d 866 (Pa. Cmwlth. 2004), the claimant was injured at work and filed a claim petition, which the employer answered by denying the existence of an injury. Fifteen months after the incident, and following hearings before a WCJ at which the claimant presented the deposition testimonies of his treating physicians opining on his injuries and disability, the employer requested an IME by its own medical expert. Applying *Crouse*, we recognized that, while the employer's original contest was unreasonable during those first months because it lacked any evidence showing a genuine dispute over the injury, the contest became reasonable upon the IME by the employer's medical expert, which provided the basis for a reasonable contest. Accordingly, we held that awarding partial unreasonable contest fees up to the date of the IME was proper. *Arnold*, 859 A.2d at 870.

In the present matter, Employer argues that it had a reasonable basis to contest its liability at all times and that no award of attorney's fees was warranted. Upon reviewing the totality of the circumstances and the record, we disagree. The facts of record show that Claimant sustained a work-related injury on April 18, 2018, of which Employer admitted receiving timely notice. Employer initially acknowledged the work-related injury through an NTCP and then three Amended NTCPs, which described the injury as an upper back strain. (R.R. at 82.) Employer then issued the Notice Stopping and Denial on June 21, 2018, denying that Claimant suffered any injury at all.[16] The credited and unrefuted evidence of record shows that Employer

---

[16] We note that the 2018 WCJ Decision discussed only the timeliness of the Notice Stopping but did not, either impliedly or explicitly, discuss whether the Denial was proper under **(Footnote continued on next page…)**

14

did not base its denial on evidence that no injury had occurred or that Claimant had no disability or that Claimant had fully recovered or returned to work. Rather, the Denial was premised on the fact that Claimant had submitted requests for duplicate diagnostic studies. (2020 FOF ¶ 14; R.R. at 26.)

Employer did not obtain medical evidence that would support disputing its liability until Dr. Peppelman performed the IME on March 28, 2019, which would have supported Employer's position on termination if credited. (2020 FOF ¶ 4.) Further, none of the record evidence to which Employer points was available to it when it issued its Denial. While Employer argues that the expert testimony of both Dr. Frank and Dr. Bible gave rise to a genuine dispute over the description of their diagnosis of Claimant's injury versus what was averred in the Claim Petition, those depositions did not occur until April 5, 2019, and October 23, 2019, respectively, both after Employer's Denial and the March 28, 2019 IME by Dr. Peppelman. (R.R. at 91, 137.) Employer also points to a 2007 MRI that showed disc protrusions in Claimant's thoracic spine, but the first mention in the record of this MRI is in Claimant's testimony on March 12, 2019, before the WCJ, and Claimant credibly testified to not remembering having had that test. (*Id.* at 48.) Further, Employer argues that Claimant's statement that he had no history of thoracic spine or upper back surgeries shows a dispute over his injury. (*Id.* at 9.) However, Employer did not question Claimant about any such surgeries at the March 12, 2019 hearing; thus, Employer did not present medical evidence at that time to refute Claimant's testimony. Therefore, these reasons do not establish a dispute that would serve as a basis for a reasonable contest prior to March 28, 2019. Thus, similar to the employers in *Crouse* and *Arnold*, which lacked reasonable bases to contest until

the Act. As that WCJ recognized, that determination was to be properly made after Claimant filed a Claim Petition.

15

obtaining medical evidence through IMEs, the credited evidence of record shows that Employer lacked any medical evidence to support its denial of liability when it issued the Denial on June 21, 2018, up through Dr. Peppelman's March 28, 2019 IME, in which Dr. Peppelman limited Claimant's work injury to a thoracic spine sprain/strain and opined that Claimant was fully recovered from that injury as of that date.

Employer also asserts that the facts presented in this case are similar to those in *Gumm* and *Brutico* and, therefore, its contest should similarly be found reasonable. Employer analogizes the matter here to *Gumm* because Claimant alleged a more severe injury in the Claim Petition than that diagnosed by Dr. Frank and Dr. Bible and the description of the injury changed over the course of litigation. *Gumm*, however, presented a different situation than that before us. In *Gumm*, there existed a medical opinion concerning the extent of the injury and releasing the claimant to full-duty work **prior to** the employer denying liability for benefits and the claimant filing a claim petition. 942 A.2d at 222. Because there was a specific diagnosis along with an opinion releasing the claimant to full-duty work at the time of the denial, which the claimant sought to challenge in the claim petition, this Court determined that the employer's contest was reasonable. While *Gumm* supports the principle that a dispute surrounding the severity of an alleged injury may give rise to a reasonable contest, that dispute must stem from medical evidence in the employer's possession **at the time of the decision to contest its liability**.

Employer also compares this situation to that in *Brutico*, 866 A.2d at 1152, because, as in that case, it asserts, Claimant would have had to hire an attorney anyway to establish the extent of his injuries as they changed throughout the litigation. In *Brutico*, the claimant suffered a work-related injury to her back and

16

received treatment for cervical, thoracic, and lumbosacral strains. While the employer initially acknowledged these injuries and paid for those treatments, the employer issued a notice of compensation denial, not denying the existence of the injuries but denying that the injuries were disabling. The claimant then filed a claim petition alleging injuries that included disc herniation and sought unreasonable contest fees, and the employer denied the allegations. The WCJ concluded that the contest was reasonable, the Board affirmed, and this Court agreed. We explained that, because the employer only recognized the original cervical, thoracic, and lumbosacral strains, and the claimant alleged distinctly different injuries, the claimant needed to file a claim petition to litigate those injuries, and the contest of those distinctly different injuries in the claim petition was not unreasonable.

Here, although Claimant initially alleged fractures to the T9 through T11 vertebrae, which was ultimately determined to be "an acute aggravation of the pre[]existing degenerative conditions in the thoracic spine and a thoracic strain/sprain," (2020 FOF ¶ 11), Employer never acknowledged **any** injury and lacked **any** medical evidence or evidence of a lack of disability at the time it issued the Denial on June 21, 2018, or its Answer to the Claim Petition, (*id.* ¶ 14). Conversely, the denials of benefits in *Gumm* and *Brutico* were based on medical evidence in the employers' possession at the time they issued them, and, thus, Employer's reliance on those cases is misplaced. Considering the totality of the circumstances presented by the evidence of record, we discern no evidence showing a genuine dispute over Claimant's work-related injury and associated disability until March 28, 2019, and the WCJ's award of attorney's fees for an unreasonable contest up to the date of Dr. Peppelman's IME was consistent with our precedent. *Arnold*, 859 A.2d at 866; *Crouse*, 801 A.2d at 660; *Majesky*, 595 A.2d at 764. Accordingly,

17

the Board did not err in affirming the conclusion that Employer's contest of Claimant's claim was unreasonable until it had obtained medical evidence, Dr. Peppelman's IME, and in awarding unreasonable contest attorney's fees on that basis.

Employer next argues that the award of attorney's fees for the period of time covering the litigation on the First Penalty Petition was in error. Claimant asserts this argument was waived by Employer not objecting within 15 days of receipt of the Application including those fees.

The Board's Regulations provide:

> (a) In all cases, claimant's counsel shall submit a copy of the fee agreement, and a copy of any statement or claim for disbursements, costs and expenses. No agreement or claim for fees or other disbursements, costs or expenses by claimant's counsel shall be valid, and no payments shall be made pursuant thereto, unless approved for payment by the judge before whom the matter is heard or by the Board as provided by law. Except as otherwise approved, no further fee, cost or expense is to be charged.
> . . . .
> (d) **Within 15 days after service of the application for quantum meruit fees, an opposing party may file a response to the application detailing the objections to the fee requested.**

34 Pa. Code § 131.55(a), (d) (emphasis added). The doctrine of waiver is applicable to workers' compensation proceedings, and issues or objections not raised before the WCJ are not preserved for appellate review. *Brown v. Workers' Comp. Appeal Bd. (Knight Ridder, Inc./Phila. Newspapers, Inc.)*, 856 A.2d 302, 308 (Pa. Cmwlth. 2004); *Nabisco Brands, Inc. v. Workers' Comp. Appeal Bd. (Tropello)*, 763 A.2d 555, 558 (Pa. Cmwlth. 2000). The "failure to raise [an] issue before the WCJ deprive[s] the WCJ of the opportunity to cure any error." *Brown*, 856 A.2d at 308.

18

A review of the record shows that Employer did not object to the inclusion of any particular amounts or fees listed in the Application "[w]ithin 15 days after service of the [A]pplication." 34 Pa. Code § 131.55(d). Instead, the record shows that Employer "d[id] not object to submission of the" Application but asserted its belief that there should be no award of attorney's fees as a whole. (C.R. at 453.) In not objecting, Employer did not bring the issue to the WCJ's attention prior to the award of attorney's fees and "deprived the WCJ the opportunity to cure any error." *Brown*, 856 A.2d at 308. Accordingly, Employer did not preserve its objection to the attorney's fees requested in the Application and thereby waived this argument.

## III. CONCLUSION

Based on the foregoing, because Employer failed to show that it had a reasonable basis that stemmed from medical evidence in its possession at the time Employer decided to contest its liability and did not have such a basis until March 28, 2019, and did not preserve an objection to the attorney's fees requested in the Application before the WCJ, the Board did not err in affirming the WCJ's grant of attorney's fees for the closed period set forth in the WCJ's 2020 Decision. Accordingly, we affirm.

**RENÉE COHN JUBELIRER,** Judge

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Speedwell Construction, Inc. and    :
Erie Insurance Company of    :
New York,    :
          Petitioners    :
    :
        v.    :    No. 547 C.D. 2021
    :
Gerald Klinger (Workers'    :
Compensation Appeal Board),    :
          Respondent    :

# O R D E R

NOW, March 30, 2022, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge