IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The School District of Philadelphia,   :
                                               :
                      Petitioner    :
                                             :
               v.                 :  No. 23 C.D. 2020
                                           :  Submitted: January 21, 2022
Carleton Holman (Workers'     :
Compensation Appeal Board),    :
                                             :
                     Respondent   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED: April 19, 2022


          The School District of Philadelphia (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed in part a decision of the Workers' Compensation Judge (WCJ), which denied and dismissed Carleton Holman's (Claimant) Penalty Petition, and ordered the reinstatement of Claimant's indemnity benefits as of April 18, 2017, upon finding that the Notice of Temporary Compensation Payable (NTCP) converted to a Notice of Compensation Payable (NCP) under Section 406.1(d)(6) of the Workers' Compensation Act (Act),[1] and that Employer violated the Act when it unilaterally

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1(d)(6).

stopped payment of wage loss benefits. Employer argues that it fully complied with the Act and the Bureau of Workers' Compensation's (Bureau) regulations by issuing a Medical-Only NCP to stop payment of temporary wage loss benefits. For the reasons that follow, we reverse.

## I. Background

On February 24, 2017, Claimant was injured while in the course of his employment as a teacher when he was pushed by a student and fell when attempting to prevent a fight. Employer issued an NTCP, dated March 3, 2017, recognizing injuries to Claimant's left knee, bilateral wrists, buttocks, low back, head, left elbow, and shoulders. Pursuant to the NTCP, Employer agreed to pay Claimant medical benefits and wages in lieu of compensation. Shortly thereafter, on April 18, 2017, Employer issued a Medical-Only NCP for the injuries and stopped paying wage benefits. WCJ's Opinion, 2/16/18, Findings of Fact (F.F.) Nos. 1-4.

On May 9, 2017, Claimant filed a Penalty Petition alleging that Employer violated the Act and regulations by unilaterally stopping payment of wage compensation. Claimant sought penalties in the amount of 50%, interest, attorney's fees, litigation costs, and a reinstatement of compensation benefits. Employer filed an Answer, denying that a violation of the Act had occurred. F.F. No. 5.

The Penalty Petition was assigned to a WCJ. Before the WCJ, Claimant testified that he has not worked since the accident. In mid-April 2017, Claimant received a Medical-Only NCP from Employer and his compensation checks stopped. Claimant testified that he never received a Notice Stopping Temporary Compensation (NSTC). F.F. Nos. 6-7; Certified Record at 60-61.[2]

---

[2] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

In its defense, Employer argued that, by issuing a Medical-Only NCP on April 18, 2017, within 90 days of issuing the NTCP, it complied with Section 127.17 of the Bureau's regulations, 34 Pa. Code §127.17, and did not otherwise violate the Act. The WCJ agreed and determined that Claimant had failed to establish a violation of the Act. By decision dated February 14, 2018, the WCJ denied and dismissed Claimant's Penalty Petition.

From this decision, Claimant sought review with the Board, which affirmed in part and reversed in part. The Board determined that Employer did not properly stop the NTCP in accordance with the Act by filing a Medical-Only NCP. The Board opined that the proper method to stop wage continuation in lieu of indemnity payments pursuant to an NTCP is to file proper forms as prescribed by the Department of Labor and Industry (Department), namely, an NSTC (Form LIBC-502) and a Notice of Compensation Denial (NCD) (Form LIBC-496), pursuant to Section 406.1(d) of the Act and Section 127.17(d)(1) of the regulations. The Board explained that these forms provide the required notice to Claimant that Employer has not accepted liability and that Claimant must file a claim to establish Employer's liability. Because Employer failed to file the proper forms, the NTCP, which provided for payment of medical expenses and wages in lieu of indemnity benefits, converted to an NCP by operation of law. 77 P.S. §717.1(d)(6). The Board concluded that, based on the NCP, Employer was obligated to pay indemnity benefits on and after April 18, 2017, as well as medical expenses related to Claimant's work injuries. The Board also concluded that Employer violated the Act when it stopped paying indemnity benefits. Despite this finding, the Board declined to award a penalty noting that the regulations are confusing as to which form should be used to stop the payment of indemnity benefits while continuing the responsibility

3

for payment of medical bills, and that Employer acted in good faith in attempting to comply with the regulations by issuing a Medical-Only NCP. Thus, by order dated December 12, 2019, the Board affirmed in part the WCJ's order insofar as the WCJ awarded no penalty, but otherwise reversed and ordered the reinstatement of Claimant's indemnity benefits as of April 18, 2017. Employer's petition for review followed.

## II. Issues

On appeal,[3] Employer contends that the Board erred in reversing the WCJ's decision denying and dismissing Claimant's Penalty Petition. Employer maintains that it followed the Act and the regulations by correctly utilizing a form prescribed by the Department, and otherwise acting in accordance with the law. Employer asserts the Board erred by focusing its inquiry on Section 406.1(d) without any regard to Section 406.1(c). Employer maintains that a NSTC and NCD are only required when the employer controverts a claim, which is not the case here because Employer accepted medical liability. The Medical-Only NCP is a form prescribed by the Department, which sufficiently apprised Claimant of the status of his claim. Thus, Employer maintains that it did not violate the Act and seeks reversal of the Board's decision.

---

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Frankiewicz v. Workers' Compensation Appeal Board (Kinder Morgan, Inc.)*, 177 A.3d 991, 995 n.2 (Pa. Cmwlth. 2017). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc. v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

## III. Discussion

Where an employer violates the Act, an award of penalties and attorney's fees is an appropriate remedy. *Coyne v. Workers' Compensation Appeal Board (Villanova University)*, 942 A.2d 939, 951 (Pa. Cmwlth. 2008). However, the imposition of penalties is not automatic. *Brutico v. Workers' Compensation Appeal Board (US Airways, Inc.)*, 866 A.2d 1152, 1156 (Pa. Cmwlth. 2004). It is within the discretion of the WCJ to impose penalties. *Id.* It is "an abuse of discretion to assess a penalty in an instance where the employer acted in good faith reliance upon the . . . procedure contemplated in the . . . regulations." *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Co.)*, 891 A.2d 1267, 1278 n.12 (Pa. 2006).

Section 406.1(c) of the Act generally provides that if an "insurer controverts the right to compensation[,] it shall promptly *notify the employe*[*e*] or his dependent, *on a form prescribed by the* [*D*]*epartment*, *stating the grounds upon which the right to compensation is controverted* and shall forthwith furnish a copy or copies to the [D]epartment." 77 P.S. §717.1(c) (emphasis added).

Section 406.1(d) of the Act specifically addresses NTCPs. 77 P.S. §717.1(d). NTCPs are to be used in situations where, as here, an employer is uncertain whether a claim is compensable under the Act or the extent of its liability. 77 P.S. §717.1(d)(1). By issuing an NTCP, an employer may initiate compensation payments without prejudice and without admitting liability. *Id.* An NTCP shall inform the claimant:

> (i) that payment does not mean the claimant's employer is accepting responsibility for the injury or that a compensation claim has been filed or commenced; (ii) that the claimant is entitled to payment for up to ninety (90) days; and (iii) that in order to ensure continuation of compensation payments, the claimant "may need to file a claim petition in a timely fashion under [S]ection 315 [of

5

the Act, 77 P.S. §602], enter into an agreement with his employer[,] or receive a notice of compensation payable. . . ." 77 P.S. §717.1(d)(2)(i)-(iii)."

*Church v. Workers' Compensation Appeal Board (Cook)*, 135 A.3d 1153, 1159-60 (Pa. Cmwlth. 2016).

The payment of temporary compensation may continue for 90 days while the employer investigates the circumstances surrounding the claim. 77 P.S. §717.1(d)(2)(ii). If an employer chooses to controvert payments of temporary compensation, it must provide notice to the claimant on a form prescribed by the Department. 77 P.S. §717.1(d)(4)-(5). Section 406.1(d)(5) provides:

> (i) *If the employer ceases making payments pursuant to* [*an NTCP*]*, a notice in the form prescribed by the* [*D*]*epartment shall be sent to the claimant and a copy filed with the* [*D*]*epartment*, but in no event shall this notice be sent or filed later than five (5) days after the last payment.

> (ii) *This notice shall advise the claimant, that if the employer is ceasing payment of temporary compensation, that the payment of temporary compensation was not an admission of liability of the employer with respect to the injury subject to the notice of temporary compensation payable, and the employe*[*e*] *must file a claim to establish the liability of the employer.*

> (iii) If the employer ceases making payments pursuant to [an NTCP], after complying with this clause, the employer and employe[e] retain all the rights, defenses and obligations with regard to the claim subject to the notice of temporary compensation payable, and the payment of temporary compensation may not be used to support a claim for compensation.

> (iv) Payment of temporary compensation shall be considered compensation for purposes of tolling the statute of limitations under [S]ection 315.

6

77 P.S. §717.1(d)(5)(i)-(iv) (emphasis added). If the employer fails to file such notice that the temporary compensation has been stopped within the 90-day period during which the temporary compensation is payable, the employer shall be deemed to have admitted liability and the NTCP shall convert to an NCP. 77 P.S §717.1(d)(6).

Section 121.17 of the Bureau's regulations specifies the Department forms prescribed for making changes in compensation. 34 Pa. Code §121.17. Pertinent here, when an employer seeks to stop paying temporary compensation under an NTCP, an employer may file: (1) an NSTC (Form LIBC-502) *and* NCD (Form LIBC-496) within a prescribed timeframe; *or* (2) an NCP (Form LIBC-495); *or* (3) an Agreement for Compensation for Disability or Permanent Injury (Form LIBC-336). 34 Pa. Code §121.17(d)(1)-(3).

Recently, in *Raymour & Flanigan v. Workers' Compensation Appeal Board (Obeid)*, 264 A.3d 817 (Pa. Cmwlth. 2021),[4] this Court addressed the issue presented herein, *i.e.*, whether an employer may stop payment of temporary compensation by issuing a Medical-Only NCP. In *Raymour & Flanigan*, the employer issued an NTCP describing the claimant's injury and agreeing to pay for her medical benefits and temporary total disability benefits. Two weeks after issuing the NTCP, the employer issued a Medical-Only NCP. The claimant filed a penalty petition seeking penalties for violations of the Act on the basis that the employer did not properly stop the NTCP in accordance with the Act, as well as a reinstatement

---

[4] We note that this Court decided *Raymour & Flanigan* after the Board issued its opinion in this matter, after Employer filed a petition for review in this Court, and only one month before Employer filed its brief. Although Employer does not reference this case, Claimant does in his brief. In addition, we note that a petition for allowance of appeal is presently pending before our Supreme Court. *See Raymour & Flanigan v. Workers' Compensation Appeal Board (Obeid)* (Pa., No. 388 EAL 2021).

of total disability benefits. The WCJ found that, under Section 121.17(d) of the Bureau's regulations, the employer was permitted to file an NCP to stop temporary compensation benefits, which the employer did when it filed the Medical-Only NCP. Upon finding no violation of the Act or its regulations, the WCJ denied the claimant's penalty petition. *Raymour & Flanigan*, 264 A.3d at 818.

On appeal, the Board reversed on the basis that the Medical-Only NCP did not comport with the requirements of the Act by failing to provide the claimant with sufficient notice regarding the cessation of his disability benefits. The Board ordered the reinstatement of indemnity benefits upon determining that the NTCP converted to an NCP by operation of law. The Board acknowledged that the regulations foster confusion as to which method should be used when an employer seeks to stop the payment of indemnity benefits while continuing to accept responsibility for the payment of medical bills. Despite finding a violation of the Act, the Board declined to award a penalty upon finding that the employer acted in good faith in attempting to comply with the Act and regulations. *Raymour & Flanigan*, 264 A.3d at 818-19.

On further appeal to this Court, we reversed. We determined that the employer provided requisite notice on a form prescribed by the Department in accordance with Section 121.17(d) of the Bureau's regulations by filing a Medical-Only NCP, which is a version of the Department's NCP (Form LIBC-495). A Medical-Only NCP enables an employer to accept responsibility for the payment of medical treatment but not for loss of wages by checking an appropriate box on the form. We explained that where a Medical-Only NCP is issued, it sufficiently and correctly informs a claimant "that only compensation for medical treatment, not loss of wages, would be paid." *Raymour & Flanigan*, 264 A.3d at 822. As for whether

8

an employer must file an NSTC and NCD in addition to a Medical-Only NCP or in lieu thereof to stop temporary compensation benefits under the Act, we opined that such an interpretation is "illogical and incorrect as a matter of law," would lead to "absurd result[s]," and is contrary to the principles of statutory construction. *Id.* at 821, 823-24. We explained that such a tortured construction of the Act would not only misinform the claimant, but it would also cause confusion because the NSTC and NCD notices contain misstatements of the law when an employer chooses to accept medical liability. *Id.* at 822-23. Specifically, the NSTC and NCD state that the employer is *not* accepting any liability for the injury, which is not the case when an employer chooses to accept a claim for medical treatment and a claimant may establish rights to future compensation by filing a reinstatement petition. *Id.* at 822-23. Requiring an employer to issue an NSTC and NCD when it chooses to accept medical liability would essentially require "an employer to misinform a claimant as to the status of his or her claim and demand that a claimant expend the time and resources needed to file an unnecessary claim petition in order to vindicate his or her rights" and would defeat the "humanitarian purposes of the Act." *Id.* at 823. Thus, we concluded that the filing of a Medical-Only NCP to stop compensation payments under an NTCP comported with both the Act and its regulations, and we reversed the Board's reinstatement of indemnity benefits. *Id.*

Our analysis in *Raymour & Flanigan* is directly on point and controlling here. Because "we are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated," *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020), we conclude that the WCJ did not

9

err in determining that Employer did not violate the Act or regulations and by denying and dismissing Claimant's Penalty Petition.

Accordingly, we reverse the Board's order insofar as it ordered the reinstatement of Claimant's indemnity benefits as of April 18, 2017.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 23 C.D. 2020 |
| | : | |
| Carleton Holman (Workers' | : | |
| Compensation Appeal Board), | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 19<u>th</u> day of <u>April</u>, 2022, the order of the Workers' Compensation Appeal Board, dated December 12, 2019, is REVERSED insofar as it ordered the reinstatement of Carleton Holman's indemnity benefits as of April 18, 2017.

_____
MICHAEL H. WOJCIK, Judge